**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1661

FORREST SLAUGHTER,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social
Security,

Defendant - Appellee.

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Chief
District Judge.  (CA-03-58-1)

Submitted:  September 15, 2004      Decided:  February 23, 2005

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David S. Bary, WOLFE, WILLIAMS & RUTHERFORD, Norton, Virginia, for
Appellant.  Donna L. Calvert, Regional Chief Counsel, Eric P.
Kressman, Supervisory Attorney, Teri C. Smith, Assistant Regional
Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania; Kasey Warner, United States Attorney, Fred B.
Westfall, Jr., Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Forrest Slaughter appeals the district court's order rejecting the recommendation of a magistrate judge and granting summary judgment for the Government after concluding substantial evidence supports the administrative law judge's (ALJ) denial of Social Security benefits. We affirm.

Judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Supported by substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. This evidence may be more than a scintilla but less than a preponderance. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). It is not within the province of the reviewing court to assess the weight of the evidence or to substitute its judgment for that of the Commissioner if his decision is supported by substantial evidence. Id. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. Id.

A claimant bears the burden of proving a disability entitling him to benefits. 42 U.S.C. § 423(d)(5) (2000); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Disability is defined

- 2 -

as: "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2000).

The applicable regulations establish a five step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520 (2004). If an individual is found not disabled at any step, the inquiry ends. Under this process, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether the impairment meets or equals medical criteria warranting a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. Id.; Hall, 658 F.2d at 264. The claimant establishes a prima facie case of disability by satisfying either step (3) or (4). The burden then shifts to the Commissioner for the fifth and final inquiry: whether the claimant is able to perform other work considering his remaining physical and mental capacities and his vocational capabilities to adjust to a new job. Hall, 658 F.2d at 264-65. The ALJ found Slaughter met the first two steps of this inquiry, but failed to meet either step three or four.

We conclude substantial evidence supports the ALJ's finding that Slaughter failed to demonstrate he is mentally retarded under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) (2004). We further conclude the ALJ did not err when it found Slaughter's impairments do not prevent him from performing his past work as a floor cleaner or foam cutter. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED